UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANCY KOPEN, *individually and on behalf of all others similarly situated*,

                                Plaintiff,

                                Case #16-CV-6792-FPG

v.

                                DECISION AND ORDER

BRAUFMANN, LEIGHMANN & ASSOCIATES, LLC and BRIAN ALONZO BROWN,

                                Defendants.
_____

Plaintiff Nancy Kopen ("Plaintiff") has filed a putative class action complaint seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ECF No. 1. After Defendants failed to answer or otherwise move against the complaint, Plaintiff applied for, and received, a Clerk's Entry of Default. ECF No. 7. Plaintiff has not yet moved for default judgment. *See* Fed. R. Civ. P. 55(b). Instead, Plaintiff seeks "leave to proceed with discovery in an effort to certify the class." ECF No. 8.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Under similar circumstances, district courts in the Second Circuit have granted plaintiffs an opportunity to conduct class discovery before moving for default judgment. *Williams v. NRS Billing Servs., LLC*, No. 16-CV-75, 2016 U.S. Dist. LEXIS 98101 (W.D.N.Y. July 27, 2016); *DeNicola v. Asset Recovery Sols., LLC*, No. CV 11-1192, 2011 U.S. Dist. LEXIS 61976 (E.D.N.Y. May 18, 2011).

Here, Plaintiff argues that "Defendants should not be permitted to avoid class liability by refusing to file a responsive pleading" and that in order to establish the composition of the class and the amount of damages, "Plaintiff needs to conduct discovery to identify the number of

customers who received the offending voice mails and Defendants' financial net worth." ECF No. 8-1, at 2. Based on Plaintiff's proffer and the authority cited above, the Court agrees that allowing such discovery to proceed is appropriate in this case. Therefore, Plaintiff's motion is GRANTED. Plaintiff may seek discovery as if Defendants were non-defaulting parties.

      IT IS SO ORDERED.

Dated: January 23, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court